**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**Oswald Lopez-Ortiz**
Petitioner

v.

**UNITED STATES OF AMERICA**
Respondent

Civil No. 12-1320 (DRD)

**OPINION & ORDER**

Pending before the Court is Petitioner Oswald Lopez-Ortiz's motion to vacate, set aside, or correct the sentence rendered in criminal case 10-cr-164-2 (DRD). See Docket No. 1; 28 U.S.C. § 2255. In said case, Petitioner pled guilty to two counts: (i) count one, conspiring to distribute and/or possess with the intent to distribute "crack," cocaine, and marihuana within 1,000 feet of a school and/or housing project, see 21 U.S.C. §§ 841(a)(1), 846, and 860; and (ii) count three, aiding and abetting the *carrying and use* of firearms in relation to the previous count, see 18 U.S.C. §§ 2, 921(a)(3), and 924(c). See Docket Nos. 3, 516, and 838-39 of 10-cr-164-2 (DRD).[1] Petitioner was sentenced to a seven-year term of imprisonment on count one and a five-year term of imprisonment on count three to be served consecutively. However, as Petitioner's challenge is directed exclusively at count three (the weapons charge), the Court limits its focus to the nuances surrounding said charge.

Essentially, Petitioner contends that—as a result of ineffective assistance of counsel—he was led to improperly plead guilty to a fact pattern that is not a crime under 18 U.S.C. § 924(c)(1)(A). As shall be revealed, Petitioner's argument is rather complex

---

[1] Count two, the only remaining count, was dismissed by the Government at the sentencing hearing pursuant to the terms of the plea agreement. See Docket Nos. 516 and 838 of 10-cr-164-2 (DRD).

and well thought out.  Nevertheless, for the reasons set forth below, Petitioner's motion must be **DENIED**.  The Court begins by introducing the appropriate § 2255 standard to resolve the instant dispute.

## I.     APPLICABLE STANDARD

Under § 2255, a prisoner will prevail on his motion to vacate, set aside, or correct a sentence if any of the following is proved: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  However, there is a one-year statute of limitations on motions arising under this statutory framework.  28 U.S.C. § 2255(f).

Petitioner's § 2255 action is based on the alleged ineffective assistance of counsel he received in the aforementioned criminal case.  Of course, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense."  U.S. Const. Amend. VI.  However, "not every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes."  Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999) (citing Strickland v. Washington, 466 U.S. 668, 693 (1984)).  "After all, the Constitution entitles a defendant to generally proficient representation, not perfect representation."  Id. (citing Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)).  The First Circuit succinctly summarized the legal doctrines surrounding claims of ineffective assistance of counsel:

> "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance

> was objectively unreasonable "under prevailing professional norms." Id. at 688, 104 S.Ct. 2052. In making this assessment, courts must be "highly deferential" and "indulge a strong presumption that ... under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689, 104 S.Ct. 2052 (internal quotation marks omitted); accord Woods v. Donald, ––– U.S. ––––, 135 S.Ct. 1372, 1375, 191 L.Ed.2d 464 (2015) (per curiam). Second, the defendant must show that counsel's deficient performance resulted in prejudice—that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; accord Woods, 135 S.Ct. at 1375.

United States v. Mercedes-De La Cruz, 787 F.3d 61 (1st Cir. 2015). Notwithstanding, prior to engaging the finesses of Petitioner's position, the Court must make one more stop to introduce the statute in controversy.

## II.   STATUTORY HISTORY

A proper understanding of the dispute at hand requires a brief presentation of the statutory history surrounding 18 U.S.C. § 924(c)(1)(A). Originally, § 924(c)(1)(A) read as follows:

> Whoever, during and in relation to any . . . drug trafficking crime . . . for which he may be prosecuted in a court of the United States, **uses or carries a firearm**, shall, in addition to the punishment provided for such . . . drug trafficking crime, **be sentenced to imprisonment for five years** . . . . (emphasis provided).

Subsequently, the Supreme Court was called upon to derive the meaning of the term "use" as phrased in the aforementioned statute. In Bailey v. United States, it was determined that congress intended that the term "use" would refer to the "active employment of [a] firearm," which is something more than "mere possession" of a firearm. Bailey v. United States, 516 U.S. 137, 144 (1995). It is of monumental consequence to note that *Bailey's* interpretation of "use" had no effect on the statute's inclusion of the term "carry." See Id. at 150 ("While it is undeniable that the active-

- 3 -

employment reading of 'use' restricts the scope of § 924(c)(1), the Government often has other means available to charge offenders who mix guns and drugs. The 'carry' prong of § 924(c)(1), for example, brings some offenders who would not satisfy the 'use' prong within the reach of the statute.").

Displeased with the Supreme Court's ruling, however, Congress exercised its lawmaking authority by amending § 924(c)(1)(A) to read as follows:

> [A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, **uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm,** shall, in addition to the punishment provided for such . . . drug trafficking crime—
> **(i) be sentenced to a term of imprisonment of not less than 5 years;** . . . (emphasis provided).

See also Abbott v. United States, 562 U.S. 8, 16-17 (2010). As demonstrated above, Congress added possession of a firearm in furtherance of a drug trafficking crime to the scope of § 924(c)(1)(A). Therefore, as it stands today, § 924(c)(1)(A) can be transgressed in either of the following scenarios: (i) *using* a firearm during and in relation to any drug trafficking crime (hereinafter "the *using* prong"), (ii) *carrying* a firearm during and in relation to any drug trafficking crime (hereinafter "the *carrying* prong"), or (iii) *possessing* a firearm in furtherance of a drug trafficking crime (hereinafter "the *possession* prong"). Having explained the statutory framework, Petitioner's contention may be properly analyzed.

### III.   LEGAL ANALYSIS

At the outset, it should be noted that the indictment charged Petitioner for aiding and abetting in the *carrying and use* of firearms in relation to a drug trafficking crime. See Docket No. 3, p. 8 of 10-cr-164-2 (DRD). Thus, the indictment's reliance on

§ 924(c)(1)(A) stems from the *using* or *carrying* prongs, not the *possession* prong. Therefore, the Court dispenses with any further discussion regarding the inapplicable *possession* prong. In this same vein, the plea agreement's statement of facts—which, of course, Petitioner agreed to—also contain the *carrying and use* language.[2] See Docket No. 516, p. 2 of 10-cr-164-2 (DRD).

Notwithstanding his guilty plea for aiding and abetting the "carry and use" of firearms during and in relation to a drug trafficking offense, Petitioner avers that the Government could not have proved that—consistent with *Bailey's* ruling—this "use" involved the "active employment of [a] firearm." Therefore, Petitioner reasons that his attorney improperly failed to object to the Court's five-year sentence on this count. However, even when taking Petitioner's argument at face value, he still cannot prevail.

Petitioner pled guilty to the two § 924(c)(1)(A) prongs that were contained in the indictment: the *using* and *carrying* prongs. Thus, even if the implementation of the *using* prong was ill-advised, Petitioner's argument does nothing to negate the *carrying* prong that he also pled guilty to. Accordingly, prevailing on this theory does not shelter Petitioner from § 924(c)(1)(A) liability.

Further, it should be emphasized that the same consecutive five-year statutory minimum sentence applies regardless of how § 924(c)(1)(A) is violated. Consequently, violating any one of the three § 924(c)(1)(A) prongs—or any combination of the three— still yields the same statutory minimum sentence of five years of imprisonment. Therefore, as the Court did sentence Petitioner to the statutory minimum on this count,

---

[2] It should be noted that the plea agreement also includes *possession* language. See Docket No. 516, p. 11 of 10-cr-164-2 (DRD). However, as the *possession* prong of § 924(c)(1)(A) was not invoked or added into the indictment, Due Process concerns would arise if this Court were to simply deny petitioner's motion on this ground.

there can be no prejudice even if the alleged error occurred. Moreover, the Court would have imposed the same five-year term of supervised release on count three if Petitioner pled guilty only to the *carrying* prong § 924(c)(1)(A). In the end, as Petitioner has experienced no prejudice as a result of his attorney's alleged misstep, the second *Strickland* requirement cannot be satisfied.

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697. As such, the Court follows the Supreme Court's well-reasoned proposal. The Court need proceed no further.

## IV.   DECISION

For the abovementioned reasons, the Court hereby **DENIES** Petitioner's motion to vacate, set aside, or correct the sentence that has been imposed upon his person. The Court rules that the second *Strickland* factor is not met as Petitioner has experienced no prejudice as a result of his attorney's alleged ineffective assistance. Petitioner pled guilty to aiding and abetting the *carrying* of firearms during and in relation to a drug trafficking offense, which is one of the three ways to transgress § 924(c)(1)(A). Therefore, even if he did not aid and abet in the "use" of the firearm, Petitioner is not shielded from § 924(c)(1)(A) liability.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2015.

> */S/ Daniel R. Domínguez*
> DANIEL R. DOMÍNGUEZ
> United States District Judge